UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62761-CV-WILLIAMS
MAGISTRATE JUDGE REID

MARK PENNINGTON,

    Petitioner,
v.

MARK S. INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. [ECF No. 1]. Petitioner has also filed a Motion to Stay these proceedings [ECF No. 4], which will also be addressed in this Report. This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 5].

Petitioner, **Mark Pennington**, is a state prisoner convicted after a jury trial in Broward County **Case No. 2012-4470CF10A**. In this federal habeas case, Petitioner seeks to challenge the validity of his state court conviction. However, in response to the Court's Limited Order to Show Cause [ECF No. 7], Respondent argues that

Petitioner's case should be dismissed because it was not timely brought within the one-year statute of limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. [ECF No. 10].

Petitioner did not file a reply, though Petitioner argues in the Petition[1] that the case is timely by three days. [ECF No. 1 at 13-14]. However, upon review, Petitioner significantly miscalculates the number of untolled days that have elapsed and misconstrues the law regarding the timeliness of the Petition. [*Id.*].

Upon review of the Petition and all relevant documents in this case and the state court, the Undersigned **RECOMMENDS** that the Petition [ECF No. 1] be **DENIED** as untimely, the Motion to Stay [ECF No. 4] be **DENIED**, no Certificate of Appealability be issued, and this case be **DISMISSED**.

## II.    Discussion

A.    Petition for Writ of Habeas Corpus [ECF No. 1]

Stated broadly, petitioners have a one-year period from the date a judgment becomes "final" to file a federal habeas petition challenging a state court conviction or sentence. *See* 28 U.S.C. § 2244(d). The date on which a judgment becomes "final" is the day that (1) direct review concludes or (2) the time for seeking such review

---

[1] Petitioner was also given the opportunity to file a reply in support of his Petition and provide an argument on why the Petitioner is in fact timely, however after requesting and being given four extensions of time, totaling over 6 months, Petitioner as failed to timely file any reply in this case. [ECF Nos. 7, 17, 21, 23, 25].

expires. *See Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012) (citing 28 U.S.C. § 2244(d)(1)(A)).

The conclusion of direct review applies to petitioners who pursued direct review to the Supreme Court, meaning finality attaches when the Supreme Court denied a petition for writ of certiorari or otherwise affirmed a conviction on the merits. *Id.* at 150. For all other petitioners, the judgment becomes final at the expiration of the time for seeking direct review either in the Supreme Court or in state court, whichever is latest. *Id.* at 150-51.

Petitioner was sentenced on **December 18, 2014**. [ECF No. 11-1 at 19-30]. Petitioner filed a timely appeal, and his conviction was affirmed by the state appellate court without a written opinion on **January 26, 2017**. [ECF No. 11-1 at 117-18]; *Pennington v. State*, 222 So. 3d 1224 (Fla. 4th DCA 2017).

Petitioner did not further appeal to the Florida Supreme Court, nor did he file a petition for a writ of certiorari in the Supreme Court of the United States. However, Petitioner did file a motion for rehearing, which was denied on **April 27, 2017**. Thus, Petitioner's conviction became final for purposes of calculating the statute of limitations 90 days later, on **July 26, 2017**. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006); *see also* S. Ct. R. 13.3.

Accordingly, Petitioner had one year, until **July 26, 2018**, to file a federal petition for a writ of habeas corpus. However, under 28 U.S.C. § 2244(d)(2), this

one-year time limitation is tolled during the pendency of a properly filed application for State postconviction review or other collateral review. *Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274, 1275 (11th Cir. 2017).

Here, Petitioner waited **345 days**, until **July 6, 2018**, to file his first motion for post-conviction relief. [ECF No. 11-1 at 123-29]. Thus, **345 untolled days** ran from Petitioner's limitations period before the first post-conviction motion was filed in state court, and thus, at this time Petitioner only had **20 days** remaining.

Petitioner's post-conviction motion was denied on **July 19, 2018**. [*Id.* at 130-31]. Petitioner filed a motion for rehearing, which was denied on **September 25, 2018**. [*Id.* at 132-37]. Petitioner did not file an appeal of the denial of his post-conviction motion, and thus, time began to once again run untolled after the motion for rehearing was denied. *See Chavers*, 468 F.3d at 1275.

Six days later, on **October 1, 2018**, Petitioner filed a motion for postconviction relief, this time pursuant to Fla. R. Crim. P. 3.850. [*Id.* at 138-159]. At this point, Petitioner then had **14 days** remaining of his limitations period. The motion was denied on **December 11, 2018**. [ECF No. 11-3 at 245-46]. Pursuant to Florida rules, Petitioner had thirty days to file a notice of appeal of the denial of his motion. *See* Fla. R. App. P. 9.110(b). However, Petitioner filed an untimely notice of appeal on **January 16, 2019**, and his appeal was dismissed as untimely on

**October 15, 2019**. [ECF No. 11-3 at 265-66]. Petitioner then filed a petition for a belated appeal, which was also denied three days after it was filed.

While this was happening, on **May 24, 2019**, Petitioner filed a second postconviction appeal alleging ineffective assistance of counsel. [*Id*. at 274-86]. On **May 31, 2019**, the second appeal was dismissed as impermissibly successive. [*Id*. at 287-88] (citing Fla. R. App. P. 9.141(d)(6)(C); *Morris v. State*, 134 So. 3d 1066 (Fla. 4th DCA 2013)).

Petitioner alleges that his postconviction motions and appeals toll the statute of limitations in this case, and that he has three days remaining on his limitations period. However, not all of them do because only "properly filed" postconviction motions toll the limitations period pursuant to § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000). This is because "time limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

When this Court is presented with a state court determination that a prisoner's postconviction petition was untimely under state law, we give deference to such determinations. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (*per curiam*). Accordingly, Petitioner's appeal of the denial of his 3.850 motion did not toll the time limitations, and once the limitations period expired on **January 10, 2019**, untolled time began to accrue again. Because, as discussed above, Petitioner

5

only had **14 days** of his statute of limitations remaining, his § 2254 deadline was **January 24, 2019**.

However, Petitioner's next filing was **134 days** later with his **May 24, 2019** postconviction appeal, which came **120 days** after his limitations period expired, and could not toll anything because there were no more days left to toll anymore. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (explaining that a "state court filing after the federal habeas filing deadline [has passed] does not revive it" because "once a deadline has expired, there is nothing left to toll."). The same goes for Petitioner's petition for a belated appeal, which was denied anyway.

Time ran untolled for **625 days**. However, even if it were to have tolled the limitations period, Petitioner's first postconviction appeal was dismissed as untimely on **October 15, 2019**. Petitioner filed his federal Petition for Writ of Habeas Corpus in this case on **October 31, 2019** [ECF No. 1 at 15], **16 days** later, when he would have only had **14 days** remaining. Thus, by even the most generous of calculations, Petitioner's case is still late because **367 untolled days** would have elapsed. *See* 28 U.S.C. § 2244.

While the one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases," *Holland v. Fla.*, 560 U.S. 631, 645 (2010), Petitioner also fails to establish an entitlement to equitable tolling in this case, as discussed below.

6

The Supreme Court has established a two-part test for equitable tolling, holding that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'… prevent[ing] timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007). Petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (*citing Hutchinson v. Fla.*, 677 F.3d 1097, 1099 (11th Cir. 2012)).

Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Id.* at 1158 (*quoting Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). While the record reveals that Petitioner was an active filer in state court after his conviction, Petitioner has not established any facts to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling." *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1289 (11th Cir. 2002).

Petitioner does not even discuss equitable tolling and the time-bar is ultimately the result of Petitioner's failure to timely and properly pursue state post-conviction proceedings and later, this federal habeas corpus proceeding. Petitioner does nothing to justify the hundreds of untolled days that are unaccounted for. Since the Petition is untimely and not subject to equitable tolling, as discussed above,

7

Petitioner is time-barred pursuant to 28 U.S.C. § 2244(d), and the Undersigned recommends the Petition for Writ of Habeas Corpus [ECF No. 1] be dismissed.

B. <u>Motion to Stay [ECF No. 4]</u>

Petitioner seeks a stay pursuant to *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005). [ECF No. 4]. However, *Rhines* necessarily only allows for a stay in cases where there is still a limitations period to toll, such as when a petitioner files a timely but mixed petition in federal district court, "and the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277.

Here, Petitioner's claims are barred by the statute of limitations, thus a stay is not appropriate. Accordingly, the Undersigned recommends that the Motion to Stay [ECF No. 4] be denied.

C. <u>Certificate of Appealability</u>

A habeas petitioner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

8

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court has rejected a petitioner's claims on a procedural basis, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 484-85. "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Id*. at 485. "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Upon consideration of the record, the Court should deny a certificate of appealability, because reasonable jurists would not find the assessment of the claims debatable or wrong, nor would they find it debatable whether the Court is correct in

its procedural ruling. Notwithstanding, if Petitioner does not agree, Petitioner may bring this argument to the attention of the District Judge in objections to this Report.

### III.   Recommendations

Based on the above, it is **RECOMMENDED** that the Petition for Writ of Habeas Corpus [ECF No. 1] be **DENIED**, the Motion to Stay [ECF No. 4] be **DENIED**, no Certificate of Appealability be issued, and this case be **DISMISSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of this Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 7th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   **All Counsel of Record**; and

   **Mark Pennington**
   I45635
   Okeechobee Correctional Institution
   Inmate Mail/Parcels
   3420 NE 168th Street
   Okeechobee, FL 34972
   *PRO SE*